IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SILVIA RAMOS GARCIA,

     Petitioner,

v.                                          No. 2:26-cv-01091-KG-SCY

MARKWAYNE MULLIN, et al.,

     Respondents.

**<u>MEMORANDUM ORDER AND OPINION</u>**

This matter is before the Court on Petitioner Silvia Ramos Garcia's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, Doc. 1.  Because Petitioner's challenge presents a purely legal question, the Court declines to hold a hearing, *see* 28 U.S.C. § 2243, and grants his petition for the reasons below.

## I.    *Background*

Petitioner, a native and citizen of Honduras, entered the United States in 2014 at a Port of Entry near Laredo, Texas.  Doc. 1 at 22.  Immigration authorities detained Petitioner but subsequently released her under conditions of supervision.  *Id.*  On June 5, 2025, Petitioner was detained by Immigration and Customs Enforcement ("ICE") officers at her residence in New Jersey.  *Id.* at 23.  Petitioner is currently detained in the Otero County Processing Center in Chaparral, New Mexico.  *Id.* at 1.

Petitioner filed an application for Withholding of Removal under the Convention Against Torture.  Doc 6-2 at 3.  An immigration judge denied her application on October 8, 2025.  *Id.*  Petitioner appealed the decision to the Board of Immigration Appeals.  Doc. 6 at 1.  She subsequently requested a custody redetermination under 8 C.F.R. § 1236.  Doc. 6-1 at 1.  The immigration judge held a hearing on March 11, 2026, but declined to issue a bond determination because of Petitioner's pending appeal.  Doc. 6-2.

Petitioner filed a petition for a writ of habeas corpus on April 9, 2026, seeking immediate release from immigration detention.  *Id.*  The Government opposes the petition, arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225 pending a final removal order.  Doc. 6.

## II.    *Standard of Review*

A habeas petition seeks "release from unlawful physical confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas review is proper where an immigration detainee is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    *Analysis*

For the reasons below, the Court concludes that (A) § 1226 governs Petitioner's detention; (B) Petitioner's detention violates the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment; and (C) release is warranted.

### A.    *Petitioner's detainment is governed by § 1226.*

"Sections 1225 and 1226 govern the detention of noncitizens prior to a final order of removal." *Cortez-Gonzalez v. Noem*, 811 F. Supp. 3d 1287, 1295 (D.N.M. 2025).  Section 1225 governs noncitizens who are detained at a port of entry or shortly after entry.  *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020).  This includes noncitizens deemed to be "seeking admission" into the United States, 8 U.S.C. § 1225(a), as well as those placed in expedited removal proceedings under § 1225(b)(1).  Absent exceptions irrelevant here, § 1225 "mandates detention and affords no bond hearing."  *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.).

By contrast, § 1226 "applies to [noncitizens] already present in the United States."  *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018).  Section 1226 permits, but does not require, the Attorney General to arrest and detain a noncitizen pending removal proceedings.  *Id.*  "Noncitizens detained

pursuant to § 1226(a) are therefore generally entitled to individualized bond hearings as described by federal regulation." *Cortez-Gonzalez*, 811 F. Supp. 3d at 1295.

Under these principles, Petitioner's detention is governed by § 1226(a).  Noncitizens, like Petitioner, who reside in the country are "no longer seeking to enter the United States (lawfully or otherwise)—they are already here."[1] *Cortez-Gonzalez*, 811 F. Supp. 3d at 1296 (internal quotation marks and citation omitted).  In this case, Petitioner was detained at a port of entry in 2014, but was subsequently released on her own recognizance and has since lived in the United States.  Doc. 1 at 22.  At the time of her arrest in June 2025, Petitioner had been present in the United States for over a decade.  Accordingly, § 1226(a) authorizes Petitioner's detention.

The Court's conclusion is well supported by prior decisions.  The Government concedes that the material facts here are materially indistinguishable from those in *Patel v. Noem*, 2026 WL 103163 (D.N.M.), where the Court held that § 1226 governed the detention of a noncitizen present in the United States and not apprehended at or near the border.  *See* Doc. 6.  The Court has reached the same conclusion in numerous similar cases.  *See, e.g.*, *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *3 (D.N.M.); *Arroyo Lopez v. Noem*, 2026 WL 776332, at *3 (D.N.M.); *Aguilar v. Lyons*, 2026 WL 851237, at *2 (D.N.M.).  The Government acknowledges that these decisions control here if followed.  Doc. 6 at 2.  Because the Government offers no new basis for Petitioner's continued detention, he is entitled to relief.

### B.    *Petitioner's detention violates the Due Process Clause.*

The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of "life, liberty, or property, without due process of law[.]"  U.S. Const. amend. V.  "Freedom

---

[1]There is currently a circuit split on this issue.  The Second Circuit has held that individuals like Petitioner are entitled to a bond hearing under 8 U.S.C. § 1226(a).  *See Cunha v. Freden*, --- F.4th ----, 2026 WL 1146044 (2d Cir. 2026).  The Fifth and Eighth Circuits have reached the opposite conclusion.  *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).  The Tenth Circuit has not yet addressed the question.

3

from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Zadvydas*, 533 U.S. at 693. The Government's power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons." *Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("Once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly."). Given that § 1226(a) is controlling here, Petitioner "is entitled—as a right—to an individualized bond hearing." *Cortez-Gonzalez*, 811 F. Supp. 3d at 1295. Although an immigration judge held a bond hearing on March 11, 2026, the immigration judge declined to issue a bond determination. Consequently, Petitioner's continued detention without a substantive bond hearing "constitutes an ongoing violation of [her] right to due process." *Id.*

### C.     *The proper remedy is release.*

The Court next turns to the appropriate remedy. Federal courts are authorized under § 2243 to "dispose of [a habeas petition] as law and justice require" and thus possess broad discretion to fashion appropriate relief. *Clayton v. Jones*, 700 F.3d 435, 443 (10th Cir. 2012); *see also Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (noting that a federal court "possesses power to grant *any form of relief necessary* to satisfy the requirement of justice") (emphasis in original). Given the Government's conduct here, release is warranted. *See Singh v. Carnes*, 2026 WL 446579, at *1 (D.N.M.) (ordering release where the Government "failed to articulate a legitimate interest in Petitioner's continued detention"); *Palomeque-Carrion v. Bondi*, 2026 WL 895567, at *2 (D.N.M.) (same); *Alfaro Herrera v. Baltazar*, 2026 WL 91470, at *1 (D. Colo.) (same).

4

### III. Conclusion

For the reasons stated, the Court orders that:

1. The Petition for Writ of Habeas Corpus, Doc. 1, is granted.  The Government shall release Petitioner within 24 hours of this Order.  The Government shall not impose any new conditions of release beyond those in place prior to Petitioner's detention.

2. Before Petitioner's removal order becomes final, the Government may not redetain her absent a predetention hearing before a neutral Immigration Judge at which the Government must establish, by clear and convincing evidence, that he poses a danger or flight risk.  This Order does not affect the Government's ability to detain Petitioner once her removal order becomes final—at that point, her detention is governed by the mandatory detention provision of § 1231.

3. The Government shall file a status report within ten (10) business days of this Order certifying compliance.

4. Petitioner's Emergency Motion for Reconsideration of Immediate Release, Doc. 7, is denied as moot.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.

5